# EXHIBIT 1

| ***Notice of Allowability*** | **Application No.** | **Applicant(s)** |
|---|---|---|
| | 10/719,371 | LIONG ET AL. |
| | **Examiner** | **Art Unit** | |
| | Kristie D. Shingles | 2141 | |

-- **The MAILING DATE of this communication appears on the cover sheet with the correspondence address**--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *10/30/2007*.

2. ☒ The allowed claim(s) is/are *1,3-11,13-19 and 21-26*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All    b) ☐ Some*    c) ☐ None    of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
      Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
5. ☐ Notice of Informal Patent Application
6. ☒ Interview Summary (PTO-413), Paper No./Mail Date *2/1/08* .
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

kds/20080201

BRAZOS-CISCO2-00000016

Application/Control Number:                                          Page 2
10/719,371
Art Unit: 2141

## DETAILED ACTION

### Per Applicant's Request for Continued Examination
Claims 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 18, 21, 25 and 27 are amended.
Claims 1-27 are pending.

### Per Examiner's Amendment
Claims 1, 3, 4, 7, 11, 13, 14, 21, 25 and 26 are amended.
Claims 2, 12, 20 and 27 are cancelled.

Claims 1, 3-11, 13-19 and 21-26 are allowed.

### Continued Examination Under 37 CFR 1.114

**I.**    A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 10/30/2007 has been entered.

### Response to Arguments

**II.**    Applicant's arguments (see Remarks pages 9-18 filed 10/30/2007) with respect to claims 1, 5, 11, 14 and 21 have been fully considered and are persuasive. The rejections of the pending claims have therefore been withdrawn.

BRAZOS-CISCO2-00000017

Application/Control Number: 10/719,371                                    Page 3
Art Unit: 2141

## Examiner's Amendment

**III.**    An Examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

**IV.**    Authorization for this Examiner's amendment was given in a telephone interview with Atty. Sejoon Ahn on February 1, 2008.  Please make the following changes:

**Claim 1 (amended):** A system comprising:

a policy server <u>device</u> that is arranged to

> configure a customer policy comprising a tunnel mode <u>and a tunnel group identifier,</u>
>
> configure a mapping policy that maps between an experimental field and a unique per-hop-behavior, and
>
> send the mapping policy and the customer policy to interfaces of devices of a network that includes multi-protocol label switching tunnels, corresponding to the tunnels, at least one of the network devices comprising an egress interface of one of said multi-protocol label switching tunnels, wherein the interfaces and the customer policy are associated with a same role name.

**Cancel Claim 2.**

**Claim 3 (amended):** The system of claim 1, wherein the policy server <u>device</u> translates the mapping policy into device specific commands, and ~~deployment~~ <u>sending</u> is performed by deploying commands to specific devices.

**Claim 4 (amended):** The system of claim 1, wherein ~~deployment~~ <u>sending</u> is such that the interfaces associate with at least one of input roles, output roles and multi-protocol label switching gateways of customer source and destination host groups.

BRAZOS-CISCO2-00000018

Application/Control Number:                                        Page 4
10/719,371
Art Unit: 2141

**Claim 7 (amended):**  The apparatus of claim 5, wherein ~~deployment~~ sending is such that the interfaces associate with at least one of input roles, output roles and multi-protocol label switching gateways of customer source and destination host groups.

**Claim 11(amended):** An apparatus comprising a processor with:

~~a~~ defining means for defining a mapping policy that maps between an experimental field and a unique per-hop-behavior;

~~a~~ maintaining means for maintaining a customer policy, the customer policy comprising a tunneling mode and a tunnel group identifier;

~~a~~ translating means for translating the mapping policy, the network policy and customer policy into device-specific commands; and

~~a~~ sending means for sending the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface that is associated with a role name that is also associated with the customer policy, said interfaces including an egress interface of at least one of multi-protocol label switching tunnels.

**Cancel Claim 12.**

**Claim 13 (amended):**  The apparatus of claim 11, wherein ~~deployment~~ sending is such that the interfaces associate with at least one of input roles, output roles and multi-protocol label switching gateways of customer source and destination host groups.

**Claim 14 (amended):** An article comprising: a storage medium, the storage medium having instructions stored thereon, wherein when the instructions are executed by at least one device, they result in:

defining a mapping policy that maps between an experimental field and a unique per-hop-behavior;

defining a customer policy comprising a tunneling mode and a tunnel group identifier, the customer policy being configured to govern the treatment o f individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

BRAZOS-CISCO2-00000019

Application/Control Number: 10/719,371
Art Unit: 2141

Page 5

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface that is assigned a role name associated with the customer policy, at least one interface comprising an egress interface of at least one multi-protocol label switching tunnel.

**Cancel Claim 20.**

**Claim 21 (amended):** A method comprising:

defining a mapping policy configured to map between an experimental field and a unique per-hop-behavior;

defining a customer policy comprising a tunneling mode and a tunnel group identifier, the customer policy being configured to govern the treatment of individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

sending the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy, at least one of the interfaces comprising an egress interface of one of multi-protocol label switching tunnels.

**Claim 25 (amended):** The method of claim 21, wherein ~~deployment~~ sending is such that the interfaces associate with at least one of input roles, output roles and multi-protocol label switching gateways of customer source and destination host groups.

**Claim 26 (amended):** The method of claim 21, wherein ~~deploying~~ sending the mapping policy to the network interfaces further comprises issuing new commands to reconfigure a router based on the mapping policy.

**Cancel Claim 27.**

Application/Control Number:                                          Page 6
10/719,371
Art Unit: 2141

### Reasons for Allowance
(The following is an examiner's statement of reasons for allowance)

**V.** The prior art or record fails to teach neither singly nor in combination, the claimed limitations of "a policy server device that is arranged to configure a customer policy comprising a tunnel mode and a tunnel group identifier" as stated in independent Claims 1, 5, 11, 14 and 21 (see Applicant's Specification, page 4).

**VI.** Specifically, the feature of configuring a customer policy comprising a tunnel mode and a tunnel group identifier is not expressly taught or suggested by the prior art, wherein Applicant's disclosure defines the tunnel mode as a method of "translating DiffServ information in the multi-protocol label switching header into DSCP values" having two modes: uniform or pipe mode (see Applicant's Specification, page 4). Applicant's hardware embodiment of a policy server device having this functionality is not disclosed by the prior art.

**VII.** As discussed in Applicant's Remarks filed 10/30/2007, these limitations, in conjunction with other limitations in the independent and dependent claims, are not specifically disclosed or remotely suggested in the prior art of record. A review of Claims 1, 3-11, 13-19 and 21-26 in view of the Examiner's remarks above, indicates that Claims 1, 3-11, 13-19 and 21-26 are allowable over the prior art of record.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

BRAZOS-CISCO2-00000021

Application/Control Number: 10/719,371                                    Page 7
Art Unit: 2141

**Conclusion**

**VIII.**   Any inquiry concerning this communication or earlier communications from the Examiner should be directed to Kristie Shingles whose telephone number is 571-272-3888.  The Examiner can normally be reached on Monday-Friday 8:30-6:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, Rupal Dharia can be reached on 571-272-3880.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.   Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

*Kristie D. Shingles*
*Examiner*
*Art Unit 2141*

*kds*



**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re the Application of: | Confirmation No.: 3587 |
| Yin L. LIONG, *et al.* | Art Unit: 2141 |
| Application No.: 10/719,371 | Examiner: Kristie D. SHINGLES |
| Filed: November 21, 2003 | Attorney Dkt. No.: 059643.00719 |

For: USING POLICY BASED MANAGEMENT TO SUPPORT DIFFSERV OVER MPLS NETWORK

**RESPONSE UNDER 37 CFR § 1.114**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450                        October 30, 2007
**MAIL STOP AF**

Sir:

In response to the Office Action dated June 6, 2007, and the Advisory Action dated September 27, 2007 having been duly extended from September 6, 2007, until November 6, 2007, by the attached Petition for Extension of Time, please amend the above-identified application as set forth below.

**Amendments to the claims are submitted beginning on page 2.**

**Remarks are submitted beginning on page 8.**

BRAZOS-CISCO2-00000049

**IN THE CLAIMS**:

Please amend claims 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 18, 21, 25, and 27 as follows.

1.    (Currently Amended)  A system ~~for configuring differentiated services (Diffserv)~~ ~~over multi-protocol label switching (MPLS) in a network that includes MPLS tunnels~~, comprising:

a policy server that is arranged to

configure a customer policy <u>comprising a tunnel mode,</u>~~and~~

<u>configure</u> a mapping policy that maps between an experimental ~~(EXP)~~ field and a unique per-hop-behavior ~~(PHB)~~, and ~~to~~

<u>send</u>~~deploy~~ the mapping policy and the customer policy to interfaces of devices of ~~the~~ <u>a</u> network ~~that correspond~~ <u>that includes multi-protocol label switching tunnels, corresponding</u> to the tunnels, <u>at least one of the network devices comprising an egress interface of one of said multi-protocol label switching tunnels,</u> wherein the interfaces and the customer policy are associated with a same role name.


2.    (Currently Amended)  The system of claim 1, wherein

the customer policy <u>further</u> comprises a tunnel group identifier ~~and tunneling~~ ~~mode~~.


3.    (Original)  The system of claim 1, wherein

the policy server translates the mapping policy into device specific commands, and deployment is performed by deploying commands to specific devices.


4.    (Currently Amended)  The system of claim 1, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and <u>multi-protocol label switching</u> ~~MPLS~~ gateways of customer source and destination host groups.

BRAZOS-CISCO2-00000050

5.      (Currently Amended)  An apparatus ~~for configuring Diffserv over MPLS in a network~~, comprising:

a memory;

a service application residing on the memory,

wherein the service application is arranged to configure a customer policy that comprises a tunnel group <u>identifier</u> and tunneling mode, the customer policy being arranged to have customer traffic mapped into <u>multi-protocol label switching</u> ~~MPLS~~ tunnels <u>corresponding to the tunnel group identifier</u>, and

wherein the service application is arranged to configure an ~~EXP-to-PHB~~<u>experimental-to- per-hop-behavior</u> mapping policy that is arranged to map ~~EXP~~ <u>experimental</u> fields to <u>per-hop-behavior</u>~~PHB~~;

a central processing facility that is arranged to translate the customer policy and mapping policy into device-neutral policy parameters; and

a policy consumer that is arranged to translate the device-neutral policy parameters into device-specific commands, and ~~that is further arranged~~ to <u>deploy send</u> the device-specific commands to policy targets, such that the customer policy and mapping policy are implemented across at least a portion of the network<u>, wherein each policy target comprises a network device, at least one of the network devices comprising an egress interface of said tunnel group</u>.

6.      (Original)  The apparatus of claim 5, further comprising:

a user interface that is arranged to receive the customer policy and the mapping policy.

7.      (Currently Amended)  The apparatus of claim 5, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and <u>multi-protocol label switching</u> ~~MPLS~~ gateways of customer source and destination host groups.

- 3 -

BRAZOS-CISCO2-00000051

8.    (Currently Amended)  The apparatus of claim 5, wherein the policy consumer is further arranged to attach the customer policy to the corresponding ~~MPLS~~ multi-protocol label switching tunnels and deploy the customer policy to interfaces of the attached ~~MPLS~~ multi-protocol label switching tunnels.

9.    (Original)  The apparatus of claim 5, further comprising:
a database for storing the device-neutral policy parameters.

10.    (Currently Amended)  The apparatus of claim 5, wherein the service application comprises a tunnel group object that is arranged to create the ~~MPLS~~ multi-protocol label switching tunnels by specifying end-point routers and inter-connecting topology.

11.    (Currently Amended)  An apparatus ~~for configuring Diffserv over MPLS in a network~~, comprising:
a means for defining a mapping policy that maps between an ~~EXP~~ experimental field and a unique ~~PHB~~ per-hop-behavior;
a means for maintaining a customer policy, the customer policy comprising a tunnelling mode;
a means for translating the mapping policy and customer policy into device-specific commands; and
a means for sending ~~deploying~~ the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface that is associated with a role name that is also associated with the customer policy, said interfaces including an egress interface of at least one of multi-protocol label switching tunnels.

12.    (Original)  The apparatus of claim 11, wherein

- 4 -

the customer policy includes information about a tunnel group identifier and a tunnel mode.

13.    (Currently Amended)  The apparatus of claim 11, wherein deployment is such that the interfaces associate with at least one of input roles, output roles and ~~MPLS~~ multi-protocol label switching gateways of customer source and destination host groups.

14.    (Currently Amended)  An article comprising: a storage medium, the storage medium having instructions stored thereon, wherein when the instructions are executed by at least one device, they result in:

defining a mapping policy configured to map between an ~~EXP~~ experimental field and a unique per-hop-behavior~~PHB~~;

defining a customer policy comprising a tunnelling mode, the customer policy being~~that is~~ configured to govern the treatment of individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy, at least one interface comprising an egress interface of at least one multi-protocol label switching tunnel.

15.    (Original)  The article of claim 14, wherein executing the instructions further results in:

BRAZOS-CISCO2-00000053

generating device neutral information associated with the mapping policy, the network policy and the customer policy.

16.    (Original)  The article of claim 15, wherein

the device specific commands are generated from the device neutral information.

17.    (Original)  The article of claim 15, wherein

executing the instructions further results in: storing the device neutral information in a database.

18.    (Currently Amended)  The article of claim 14, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and ~~MPLS~~ multi-protocol label switching gateways of customer source and destination host groups.

19.    (Original)  The article of claim 14, wherein

deploying the mapping policy to the network interfaces further comprises issuing new commands to reconfigure a router based on the mapping policy.

20.    (Original)  The article of claim 14, wherein

the customer policy includes information about a tunnel group identifier and a tunnel mode.

21.    (Currently Amended) A method ~~for configuring Diffserv over MPLS in a network~~ , comprising:

defining a mapping policy configured to map between an ~~EXP~~ experimental field and a unique per-hop-behavior~~PHB~~;

BRAZOS-CISCO2-00000054

defining a customer policy comprising a tunneling mode, the customer policy being that is configured to govern the treatment of individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

sendingdeploying the device-specific commands to policy targets, wherein each policy target comprisecomprises a network device that includes an interface assigned a role name associated with the customer policy, at least one of the interfaces comprising an egress interface of one of multi-protocol label switching tunnels.

22.    (Previously Presented) The method of claim 21, further comprising:

generating device neutral information associated with the mapping policy, the network policy and the customer policy.

23.    (Previously Presented) The method of claim 22, wherein

the device specific commands are generated from the device neutral information.

24.    (Previously Presented) The method of claim 22, further comprising:

storing the device neutral information in a database.

25.    (Currently Amended)  The method of claim 21, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and multi-protocol label switching MPLS gateways of customer source and destination host groups.

26.    (Previously Presented)  The method of claim 21, wherein

- 7 -

BRAZOS-CISCO2-00000055

.        .

deploying the mapping policy to the network interfaces further comprises issuing new commands to reconfigure a router based on the mapping policy.

27.    (Currently Amended)  The method of claim 21, wherein

the customer policy includes information about a tunnel group identifier ~~and a tunnel mode~~.

- 8 -

BRAZOS-CISCO2-00000056

## REMARKS

The Office Action dated June 6, 2007, has been received and carefully noted. The above amendments to the claims, and the following remarks, are submitted as a full and complete response thereto.

Claims 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 18, 21, 25, and 27 have been amended to more particularly point out and distinctly claim the subject matter of the invention. Claims 1-27 are currently pending in the application and under consideration.

Claims 1, 3-11, 13-19 and 21-26 were rejected under 35 U.S.C. 103(a) as being unpatentable over Basso et al. (U.S. Patent Application No. 2003/0231640, hereinafter "Basso") in view of Edmondson (U.S. Patent Application No. 2004/0117613, hereinafter "Edmondson"). The Office Action took the position that Basso discloses all of the elements of the claims, with the exception of "defining a customer policy and device-specific commands, wherein each policy target comprise a network device that includes an interface assigned a role name associated with the customer policy." The Office Action then cited Edmondson as alledgedly disclosing this limitation of the claims. It is respectfully submitted that the claims recite subject matter that is neither disclosed nor suggested by the combination of Basso and Edmondson.

Independent claim 1, upon which claims 2-4 are dependent, recites a system that includes a policy server that is arranged to configure a customer policy including a tunnel mode. The policy server is further arranged to configure a mapping policy that maps between an experimental field and a unique per-hop-behavior. The policy server is

BRAZOS-CISCO2-00000057

additionally arranged to send the mapping policy and the customer policy to interfaces of devices of a network that includes multi-protocol label switching tunnels, corresponding to the tunnels, at least one of the network devices comprising an egress interface of one of said multi-protocol label switching tunnels. The interfaces and the customer policy are associated with a same role name.

Independent claim 5, upon which claims 6-10 are dependent, recites an apparatus that includes a memory and a service application residing on the memory. The service application is arranged to configure a customer policy that comprises a tunnel group identifier and tunneling mode, the customer policy being arranged to have customer traffic mapped into multi-protocol label switching tunnels corresponding to the tunnel group identifier. The service application is arranged to configure an experimental-to-per-hop-behavior mapping policy that is arranged to map experimental fields to per-hop-behavior. The apparatus also includes a central processing facility that is arranged to translate the customer policy and mapping policy into device-neutral policy parameters. The apparatus further includes a policy consumer that is arranged to translate the device-neutral policy parameters into device-specific commands, and to send the device-specific commands to policy targets, such that the customer policy and mapping policy are implemented across at least a portion of the network. Each policy target comprises a network device, at least one of the network devices comprising an egress interface of said tunnel group.

BRAZOS-CISCO2-00000058

Independent claim 11, upon which claims 12-13 are dependent, recites an apparatus that includes a means for defining a mapping policy that maps between an experimental field and a unique per-hop-behavior. The apparatus also includes a means for maintaining a customer policy, the customer policy comprising a tunnelling mode. The apparatus further includes a means for translating the mapping policy and customer policy into device-specific commands. The apparatus additionally includes a means for sending the device-specific commands to policy targets. Each policy target comprises a network device that includes an interface that is associated with a role name that is also associated with the customer policy, said interfaces including an egress interface of at least one of multi-protocol label switching tunnels.

Independent claim 14, upon which claims 15-20, recites an article that includes a storage medium, and the storage medium have instructions stored thereon. When the instructions are executed by at least one device, they result in defining a mapping policy configured to map between an EXP field and a unique PHB. They also result in defining a customer policy comprising a tunnelling mode, the customer policy being configured to govern the treatment of individual customer traffic. They further result in defining a network policy that is configured to define the Diffserv treatment of aggregated traffic. They additionally result in translating the mapping policy, the network policy and the customer policy into device-specific commands. They also result in deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the

BRAZOS-CISCO2-00000059

customer policy, at least one interface comprising an egress interface of at least one MPLS tunnel.

Independent claim 21, upon which claims 22-27 are dependent, recites a method that includes defining a mapping policy configured to map between an experimental field and a unique per-hop-behavior. The method also includes defining a customer policy comprising a tunneling mode, the customer policy being configured to govern the treatment of individual customer traffic. The method further includes defining a network policy that is configured to define the Diffserv treatment of aggregated traffic. The method additionally includes translating the mapping policy, the network policy and the customer policy into device-specific commands. The method also includes sending the device-specific commands to policy targets. Each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy, at least one of the interfaces comprising an egress interface of one of multi-protocol label switching tunnels.

The present application provides that a tunnelling mode indicating what Diffserv code point should be carried in the IP headers then packets exit on MPLS network, as to enable transport of Diffserv over MPLS. A tunneling mode is defined in the description as a method of translating the Diffserv information in MPLS headers (labels and EXP field) into DSCP values in the encapsulated IP header when packets exit the MPLS network. It is desirable for a policy to be able to determine the method of translating Diffserv information. The claimed method is also advantageous since it allows policy to

- 12 -

be defined and implemented across multiple network elements, which includes a definition of a tunneling mode, as well as treatment of a particular customer's traffic.

As will be discussed below, the combination of Basso and Edmondson fails to disclose or suggest all of the features of any of the presently pending claims, and, thus, fails to provide the critical and non-obvious advantages as discussed above.

Basso generally describes a method for translating a type of service field of one protocol into multiple protocols. The method may include the step of an ingress router in a Diffserv over MPLS network receiving a packet, for example, Internet Protocol (IP) packet, from an external network. The ingress router may identify the type of quality of service, for example, forward IP packet using assured forwarding, forward IP packet using expedited forwarding, in the received packet. In one embodiment, the ingress router may identify the type of quality of service by reading the type of service field in the received packet. See Abstract of Basso.

In Basso, the type of quality of service, for example, the type of service, to be performed on an IP packet in a network implementing the Diffserv protocol may be determined by the value in a Diffserv Code Point (DSCP) field located in the type of service field in the header of the IP packet. See column 3, paragraph [0029] of Basso. The program of Basso that translates a type of service field of one protocol into multiple protocols as described in FIG. 3, may reside in disk unit 220 or in application 250. It is further noted that disk unit 220 for the edge routers 121A, 121E, in network 130 may be

- 13 -

configured to store a table configured to store PHB values. See column 4, paragraph [0032] of Basso.

Edmondson generally describes mapping applications that generate packets to a QoS policy on a packet routed network, such as an IP network, and automatically generating and/or changing the configuration of network elements, such as routers, to treat packets from the application according to the QoS policy. The high-level descriptions of applications and quality of service (QoS) treatment, for example, are automatically translated into low-level QoS configurations for routers. The application profiles specifying how traffic for those applications should be treated can be specified by those without detailed technical knowledge and QoS configurations automatically created for download onto customer premises equipment and, if necessary, also to access and backbone networks. See abstract of Edmondson.

It is respectfully submitted that the combination of Basso and Edmondson fails to teach or suggest all of the features of the presently pending claims. For example, Basso and Edmondson fails to disclose or suggest, at least, "send the mapping policy and the customer policy to interfaces of devices of a network that includes multi-protocol label switching tunnels, corresponding to the tunnels, at least one of the network devices comprising an egress interface of one of said multi-protocol label switching tunnels, wherein the interfaces and the customer policy are associated with a same role name," as recited in independent claim 1 and similarly recited in claim 5, 11, 14, and 21.

- 14 -

BRAZOS-CISCO2-00000062

As discussed above, Basso merely describes a method for translating a type of service field of one protocol into multiple protocols. Basso merely discloses that the method may include the step of an ingress router in a Diffserv over MPLS network receiving a packet, for example, Internet Protocol packet, from an external network. Basso merely discloses that the ingress router may identify the type of quality of service. However, Basso's system does not disclose or suggest at least one of the network devices comprising an **egress** interface of one of said MPLS tunnels. (Emphasis Added). Edmondson also fails to disclose or suggest this feature.

Therefore, the combination of Basso and Edmondson fails to teach or suggest, at least, "send the mapping policy and the customer policy to interfaces of devices of a network that includes multi-protocol label switching tunnels, corresponding to the tunnels, at least one of the network devices comprising an egress interface of one of multi-protocol label switching tunnels, wherein the interfaces and the customer policy are associated with a same role name," as recited in the presently pending claims. As such, it is respectfully requested that the rejection of claims 1, 5, 11, 14, and 21 be withdrawn.

Furthermore, it is respectfully submitted that the combination of Basso and Edmondson fails to teach or suggest, at least, "defining a customer policy comprising a tunneling mode, the customer policy being configured to govern the treatment of individual customer traffic, and translating the mapping policy, the network policy and the customer policy into device-specific commands," as recited in independent claim 21.

- 15 -

BRAZOS-CISCO2-00000063

Basso merely disclose determining the type of quality of service in a network by the value in a Diffserv Code Point (DSCP) field located in the type of service field in the header of the IP packet, and the type of quality of service to be performed on an IP packet in a network implementing the MPLS protocol by the value in the type of service field. Edmondson also merely discloses generating packets to a QoS policy on a packet routed network. See, at least paragraph [0013] of Basso, and abstract of Edmondson. Thus, the combination of Basso and Edmondson does not define a customer policy that includes a **tunneling mode**, the customer policy being configured to govern the treatment of individual customer traffic as recited in the presently pending claims. The combination of Basso and Edmondson does not **translate** the mapping policy, the network policy and the customer policy into device-specific commands. (Emphasis Added).

Therefore, the combination of Basso and Edmondson fails to disclose or suggest all of the features of independent claim 21 and similarly recited claims 1, 5, 11, and 14. As such, it is respectfully requested that the rejection of claims 1, 5, 11, 14, and 21 be withdrawn.

Claims 2, 12, 20, and 27 were rejected under 35 U.S.C. 103(a) as being unpatentable over Basso in view of Edmondson, and further in view of U.S. Patent No. 7,120,150 to Chase et al. (Chase). The Office Action took the position that Basso and Edmondson teaches some features of claims 2, 12, 20, and 27. The Office Action then cited Chase to remedy the deficiencies of claims 2, 12, 20, and 27. This rejection is respectfully traversed.

- 16 -

BRAZOS-CISCO2-00000064

Chase generally describes an Ethernet metropolitan area network 10 that provides connectivity to one or more customer premises to packet-bases services, such as ATM, Frame Relay, or IP while advantageously providing a mechanism for assuring security and regulation of customer traffic. <u>See</u> abstract of Chase.

There is no motivation to combine Basso, Edmondson, and Chase because Chase does not teach or suggest a policy server and sending device-specific commands to policy targets. Further, Chase does not disclose or suggest a Diffserv network or a Diffserv over MPLS network.

Even if a person of ordinary skill combined the teachings of Chase with those of Basso and Edmondson, the person would not have arrived at the subject matter of the independent claims. The edge router taught particularly with reference to figure 6 of Chase does not map a customer descriptor to an experimental EXP field. Chase does not disclose or suggest that an MPLS QoS identifier is carried by packets in the MPLS tunnels.

Furthermore, Chase does not teach or suggest configuring an egress router of an MPLS tunnel. None of Basso, Edmondson and Chase teaches or suggests translating the mapping policy, the network policy and the customer policy into device specific commands and sending device specific commands to the policy targets. Even if the teachings of Chase combined with those of Basso and Edmondson, it would not have been obvious to a person of ordinary skill in the art to derive Basso, Edmondson and

BRAZOS-CISCO2-00000065

Chase to arrive at the subject matter of the independent claims. As such, it is respectfully requested that the rejection of claims 2, 12, 20, and 27 be withdrawn.

In view the foregoing, it is respectfully asserted that the combination of Basso, Edmondson, and Chase fail to teach or suggest all of the features of independent claims 1, 5, 11, 14, and 21 and dependent claims 2-10, 13, 15-19, and 22-27.

Claims 2-4, 6-10, 12-13, 15-20, and 22-27 are dependent upon claims 1, 5, 11, 14, and 21, respectively. Accordingly, claims 2-4, 6-10, 12-13, 15-20, and 22-27 should be allowed for at least their dependence upon claims 1, 5, 11, 14, and 21, and for the specific limitations recited therein.

In view of the above, it is respectfully submitted that the claimed invention recites the subject matter which is neither disclosed or suggested in the cited prior art. Also, it is respectfully submitted that the subject matter is more than sufficient to render the claimed invention unobvious to a person of ordinary skill in the art. Applicants therefore respectfully request that each of claims 1-27 be allowed and this application be passed to issue.

If for any reason the Examiner determines that the application is not now in condition for allowance, it is respectfully requested that the Examiner contact, by telephone, the applicants' undersigned attorney at the indicated telephone number to arrange for an interview to expedite the disposition of this application.

BRAZOS-CISCO2-00000066

In the event this paper is not being timely filed, the applicants respectfully petition for an appropriate extension of time. Any fees for such an extension together with any additional fees may be charged to Counsel's Deposit Account 50-2222.

Respectfully submitted,

Sejoon Ahn
Registration No.  58,959

**Customer No. 32294**
SQUIRE, SANDERS & DEMPSEY LLP
14TH Floor
8000 Towers Crescent Drive
Tysons Corner, Virginia 22182-2700
Telephone:  703-720-7800
Fax:  703-720-7802

SA:dc

Enclosures:    Petition for Extension of Time (2 Months)
                     RCE
                     Check No. 17379

BRAZOS-CISCO2-00000067



**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re the Application of: | Confirmation No.: 3587 |
| LIONG et al. | Art Unit: 2141 |
| Application No.: 10/719,371 | Examiner: Kristie D. Shingles |
| Filed: November 21, 2003 | Attorney Dkt. No.: 59643.00719 |

For: USING POLICY-BASED MANAGEMENT TO SUPPORT DIFFSERV OVER MPLS NETWORK

## RESPONSE UNDER 37 CFR § 1.111

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450                                         March 8, 2007

Sir:

In response to the Office Action dated November 15, 2006, having been duly extended from February 15, 2007, until March 15, 2007, by the attached Petition for Extension of Time, please consider Applicants' remarks in relation to above-identified application as set forth below.

**Remarks are submitted beginning on page 2.**

BRAZOS-CISCO2-00000100



## REMARKS

The Office Action dated November 15, 2006, has been received and carefully noted. The above amendments to the claims, and the following remarks, are submitted as a full and complete response thereto.

Claims 1-27 are pending, of which claims 1, 5, 11, 14, and 21 are independent. Claims 1-27 are respectfully submitted for consideration.

Claims 1, 3-11, 13-19, and 21-26 stand rejected under 35 U.S.C. §103(a), as being unpatentable over Basso et al. (U.S. Patent Application Publication No. 2003/0231640 – hereinafter Basso) in view of Edmondson (U.S. Patent Application Publication No. 2004/0117613 – hereinafter Edmondson). Applicants respectfully traverse the rejection at least for the reasons provided below.

In the obviousness rejection over Basso and Edmondson, the Office Action contended that Basso fails to explicitly teach defining a customer policy and device-specific commands, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy. The Office Action applied Edmondson as teaching assigning role name to router interface associated with specific customer policies, wherein the customer policies are translated in QoS command-line interface commands acceptable by the routers. However, Applicants respectfully assert that, as will be discussed below, each of the presently pending claims recite subject matter which is neither disclosed nor suggested in the cited prior art.

- 2 -

BRAZOS-CISCO2-00000101

Independent claim 1, upon which claim 2-4 are dependent, is directed to a system for configuring differentiated services (Diffserv) over multi-protocol label switching (MPLS) in a network that includes MPLS tunnels. The system includes a policy server that is arranged to configure a customer policy and a mapping policy that maps between an experimental (EXP) field and a unique per-hop-behavior (PHB), and to deploy the mapping policy and the customer policy to interfaces of devices of the network that correspond to the tunnels, wherein the interfaces and the customer policy are associated with a same role name.

Independent claim 5, upon which claims 6-10 are dependent, is directed to an apparatus for configuring Diffserv over MPLS in a network. The apparatus includes a memory; a service application residing on the memory, wherein the service application is arranged to configure a customer policy that comprises a tunnel group and tunneling mode, the customer policy being arranged to have customer traffic mapped into MPLS tunnels, and wherein the service application is arranged to configure an EXP-to-PHB mapping policy that is arranged to map EXP fields to PHB; a central processing facility that is arranged to translate the customer policy and mapping policy into device-neutral policy parameters; and a policy consumer that is arranged to translate the device-neutral policy parameters into device-specific commands, and that is further arranged to deploy the device-specific commands to policy targets, such that the customer policy and mapping policy are implemented across at least a portion of the network, and wherein the

- 3 -

BRAZOS-CISCO2-00000102

policy targets comprise network devices that each include an interface associated with a role name that is also associated with the customer policy.

Independent claim 11, upon which claims 12 and 13 are dependent, is directed to an apparatus for configuring Diffserv over MPLS in a network. The apparatus includes a means for defining a mapping policy that maps between an EXP field and a unique PHB; a means for maintaining a customer policy; a means for translating the mapping policy and customer policy into device-specific commands; and a means for deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface that is associated with a role name that is also associated with the customer policy.

Independent claim 14, upon which claims 15 and 20 are dependent, is directed to an article comprising: a storage medium, the storage medium having instructions stored thereon. The instructions result in defining a mapping policy configured to map between an EXP field and a unique PHB; defining a customer policy that is configured to govern the treatment of individual customer traffic; defining a network policy that is configured to define the Diffserv treatment of aggregated traffic; translating the mapping policy, the network policy and the customer policy into device-specific commands; and deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy.

- 4 -

BRAZOS-CISCO2-00000103

Independent claim 21, upon which claims 22-27 are dependent, is directed to a method for configuring Diffserv over MPLS in a network. The method includes defining a mapping policy configured to map between an EXP field and a unique PHB; defining a customer policy that is configured to govern the treatment of individual customer traffic; defining a network policy that is configured to define the Diffserv treatment of aggregated traffic; translating the mapping policy, the network policy and the customer policy into device-specific commands; and deploying the device-specific commands to policy targets, wherein each policy target comprise a network device that includes an interface assigned a role name associated with the customer policy.

A problem addressed in Basso is, in a Diffserv over MPLS network, an edge router may be coupled to another router using a connection that supports MPLS or Diffserv. Different networks may use different definitions for the same Quality of Service. Accordingly, several memory accesses may need to be performed to translate types of Quality of Service for a received packet. In addressing the problem, Basso proposes providing a single memory table to reduce the number of memory accesses necessary in order for the IP packet to proceed. A per hop behavior (PHB) value is generated from a quality of service type identified in the received IP packet. The quality of Service type may be identified as a differentiated service code point (DSCP) value, if the IP packet is received from a Diffserv network, or an EXP value, if the IP packet is received from a MPLS network. The single memory table is then used to translate the

- 5 -

BRAZOS-CISCO2-00000104

PHB value to a quality of service value such as an EXP value or a DCSP value, as appropriate.

However, even with the above-discussed solution provided in Basso, one the problems with Basso that still exist is that the customer cannot in MPLS over Diffserv define treatment of individual customer traffic. Another problem of Basso is the burden in MPLS over Diffserv of issuing device-specific commands to each ingress router and egress router.

Applicants respectfully submit that the presently claimed invention addresses the above-mentioned problems that Basso has not provided a solution for and, therefore, distinguish over Basso. For example, the present invention as recited in claim 21 distinguishes over Basso, by further including "defining a customer policy that is configured to govern the treatment of individual customer traffic" and "deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy". Applicants respectfully assert that Basso does not teach, disclose, or suggest at least these features of the presently claimed invention.

Edmondson, on the other hand, relates to partitioning responsibility for configuring routers to prioritize traffic between the users and service providers. Applicants respectfully assert that there is, however, no mention of MPLS or MPLS over Diffserv. Further, there is no suggestion or motivation in Edmondson to address the problems that are recognized by Basso. Still further, Edmondson does not teach

- 6 -

BRAZOS-CISCO2-00000105

"deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy", as recited in claim 21, for example.

Moreover, according to the presently claimed invention, the role names are such that interfaces with the same role names will get the same set of rules and policies. In contrast, Edmondson does not mention assigning such role names. Edmondson merely discloses generating a vendor's specific access list "for the specific router(s) that will be marking the traffic for quality of service treatment using, for example Diffserv" (page 2 paragraph [0020] of Edmondson). The configuration of the router(s) is then updated with the access list.

The arguments set forth above in relation to independent claim 21 are also applicable to the rejection of independent claims 1, 5, 11, and 14 and their respective dependent claims 3-4, 6-10, 13, 15-19, and 22-26.

Claims 2, 12, 20, and 27 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Basso and Edmondson, and further in view of Chase et al. (U.S. Patent No. 7,120,150 – hereinafter Chase). The Office Action contended that Edmondson fails to explicitly teach a tunnel group identifier and tunneling mode. The Office Action then cited Chen as curing this deficiency and contended that Chase teaches mapping frames into different MPLS tunnel according to customer descriptor of teach frame in order to route frame onto separate tunnels to the intended customer. In response, Chase appears to be directed to a method for routing data in an Ethernet protocol network having a

- 7 -

BRAZOS-CISCO2-00000106

plurality of platforms, each serving one or more customers, wherein a first platform receives at least one frame from a sending site that is destined for a receiving site. After receiving the frame, the first platform overwrites a portion of the frame with a customer descriptor that specifically identifies the sending customer. Fig. 6 cited by the Office Action merely illustrates a portion of a Metropolitan Area Network showing a method in which frames are mapped into different MPLS tunnels. However, Chase does not teach, disclose, or suggest at least defining a customer policy that is configured to govern the treatment of individual customer traffic and deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy, as recited in Applicants' pending claims. Hence, for the reason set forth above with respect to the obviousness rejection of claims 1, 3-11, 13-19, and 21-26 over Basso and Edmondson, the combination of Chase and Basso and Edmondson still does not teach, disclose, or suggest all of Applicants' claimed features. That is, as Basso and Edmondson are deficient in teaching, disclosing, or suggesting all of the features of independent claims 1, 5, 11, 14, and 21, the combination of Chase and Basso and Edmondson in the rejection of dependent claims 2, 12, 20, and 27 still does not cure the deficiencies of Basso and Edmondson.

As discussed above, Basso, Edmondson, and Chase, in combination or separately, fail to teach, disclose, or suggest all of Applicants' claimed features, as recited in the

BRAZOS-CISCO2-00000107

pending claims. Accordingly, Applicants respectfully request reconsideration and withdrawal of the pending obviousness rejection over Basso, Edmondson, and Chase.

In view of the above, Applicants respectfully submit that each of the claims 1-27 recites subject matter which neither disclosed nor suggested in the cited reference to Basso, Edmondson, and Chase. It is therefore respectfully requested that these pending rejections be withdrawn, and this application pass to issue with the allowance of pending claims 1-27.

If for any reason the Examiner determines that the application is not now in condition for allowance, it is respectfully requested that the Examiner contact, by telephone, the applicants' undersigned attorney at the indicated telephone number to arrange for an interview to expedite the disposition of this application.

BRAZOS-CISCO2-00000108

In the event this paper is not being timely filed, the applicants respectfully petition for an appropriate extension of time. Any fees for such an extension together with any additional fees may be charged to Counsel's Deposit Account 50-2222.

Respectfully submitted,

Luan C. Do
Registration No. 38,434

**Customer No. 32294**
SQUIRE, SANDERS & DEMPSEY LLP
14TH Floor
8000 Towers Crescent Drive
Tysons Corner, Virginia 22182-2700
Telephone: 703-720-7800
Fax: 703-720-7802

LCD:kzw

Enclosures:   Petition for Extension of Time

- 10 -

BRAZOS-CISCO2-00000109

Docket No.: 28212/1200285-US1/NC34963US
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Yin Ling Liong et al.

Application No.: 10/719,371        Confirmation No.: 3587

Filed: November 21, 2003        Art Unit: 2141

For:  USING POLICY-BASED MANAGEMENT TO        Examiner: K. D. Shingles
      SUPPORT DIFFSERV OVER MPLS
      NETWORK

## RESPONSE TO NON-FINAL OFFICE ACTION

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

### INTRODUCTORY COMMENTS

In response to the Office Action dated May 30, 2006, please consider the remarks below for the above-identified U.S. patent application:

**Listing of the Claims** begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

{S:\28212\1200285-us1\80068894.DOC ||▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ }

BRAZOS-CISCO2-00000127

Application No. 10/719,371                                2                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

## LISTING OF THE CLAIMS

1.      (Previously presented)  A system for configuring differentiated services (Diffserv) over
multi-protocol label switching (MPLS) in a network that includes MPLS tunnels, comprising:

        a policy server that is arranged to configure a customer policy and a mapping policy that
maps between an experimental (EXP) field and a unique per-hop-behavior (PHB), and to deploy the
mapping policy and the customer policy to interfaces of devices of the network that correspond to
the tunnels, wherein the interfaces and the customer policy are associated with a same role name.


2.      (Original)  The system of claim 1, wherein

        the customer policy comprises a tunnel group identifier and tunneling mode.


3.      (Original)  The system of claim 1, wherein

        the policy server translates the mapping policy into device specific commands, and

        deployment is performed by deploying commands to specific devices.


4.      (Original)  The system of claim 1, wherein

        deployment is such that the interfaces associate with at least one of input roles, output roles
and MPLS gateways of customer source and destination host groups.


5.      (Previously Presented)  An apparatus for configuring Diffserv over MPLS in a network,
comprising:

        a memory;

        a service application residing on the memory,


{S:\28212\1200285-us1\80068894.DOC |▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉| }

BRAZOS-CISCO2-00000128

Application No. 10/719,371                    3                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

wherein the service application is arranged to configure a customer policy that comprises a tunnel group and tunneling mode, the customer policy being arranged to have customer traffic mapped into MPLS tunnels, and

wherein the service application is arranged to configure an EXP-to-PHB mapping policy that is arranged to map EXP fields to PHB;

a central processing facility that is arranged to translate the customer policy and mapping policy into device-neutral policy parameters; and

a policy consumer that is arranged to translate the device-neutral policy parameters into device-specific commands, and that is further arranged to deploy the device-specific commands to policy targets, such that the customer policy and mapping policy are implemented across at least a portion of the network, and wherein the policy targets comprise network devices that each include an interface associated with a role name that is also associated with the customer policy.

6.    (Original)  The apparatus of claim 5, further comprising:

a user interface that is arranged to receive the customer policy and the mapping policy.

7.    (Original)  The apparatus of claim 5, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and MPLS gateways of customer source and destination host groups.

8.    (Original)  The apparatus of claim 5, wherein

the policy consumer is further arranged to attach the customer policy to the corresponding MPLS tunnels and deploy the customer policy to interfaces of the attached MPLS tunnels.

BRAZOS-CISCO2-00000129

Application No. 10/719,371                    4                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

9.      (Original)  The apparatus of claim 5, further comprising:

a database for storing the device-neutral policy parameters.

10.     (Original)  The apparatus of claim 5, wherein

the service application comprises a tunnel group object that is arranged to create the MPLS tunnels by specifying end-point routers and inter-connecting topology.

11.     (Previously presented)  An apparatus for configuring Diffserv over MPLS in a network, comprising:

a means for defining a mapping policy that maps between an EXP field and a unique PHB;

a means for maintaining a customer policy;

a means for translating the mapping policy and customer policy into device-specific commands; and

a means for deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface that is associated with a role name that is also associated with the customer policy.

12.     (Original)  The apparatus of claim 11, wherein

the customer policy includes information about a tunnel group identifier and a tunnel mode.

13.     (Original)  The apparatus of claim 11, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and MPLS gateways of customer source and destination host groups.

BRAZOS-CISCO2-00000130

Application No. 10/719,371                    5                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

14.    (Previously presented)  An article comprising: a storage medium, the storage medium having instructions stored thereon, wherein when the instructions are executed by at least one device, they result in:

defining a mapping policy configured to map between an EXP field and a unique PHB;

defining a customer policy that is configured to govern the treatment of individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

deploying the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy.

15.    (Original)  The article of claim 14, wherein executing the instructions further results in:
generating device neutral information associated with the mapping policy, the network policy and the customer policy.

16.    (Original)  The article of claim 15, wherein
the device specific commands are generated from the device neutral information.

17.    (Original)  The article of claim 15, wherein executing the instructions further results in:
storing the device neutral information in a database.

BRAZOS-CISCO2-00000131

Application No. 10/719,371                     6                     Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

18.    (Original)  The article of claim 14, wherein

deployment is such that the interfaces associate with at least one of input roles, output roles and MPLS gateways of customer source and destination host groups.


19.    (Original)  The article of claim 14, wherein

deploying the mapping policy to the network interfaces further comprises issuing new commands to reconfigure a router based on the mapping policy.


20.    (Original)  The article of claim 14, wherein

the customer policy includes information about a tunnel group identifier and a tunnel mode.


21.    (Previously presented)  A method for configuring Diffserv over MPLS in a network, comprising:

defining a mapping policy configured to map between an EXP field and a unique PHB;

defining a customer policy that is configured to govern the treatment of individual customer traffic;

defining a network policy that is configured to define the Diffserv treatment of aggregated traffic;

translating the mapping policy, the network policy and the customer policy into device-specific commands; and

deploying the device-specific commands to policy targets, wherein each policy target comprise a network device that includes an interface assigned a role name associated with the customer policy.

{S:\28212\1200285-us1\80068894.DOC ▌▌▐▌▌▐▌▌▐▌▌▐▌▌▐▌ }

BRAZOS-CISCO2-00000132

Application No. 10/719,371
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

7                              Docket No.: 28212/1200285-US1/NC34963US

22.     (Original) The method of claim 21, further comprising:

generating device neutral information associated with the mapping policy, the network policy and the customer policy.


23.     (Original) The method of claim 22, wherein

the device specific commands are generated from the device neutral information.


24.     (Original) The method of claim 22, further comprising:

storing the device neutral information in a database.


25.     (Previously presented) The method of claim 21, wherein

deployment is such that the network interfaces of the policy targets associate with at least one of input roles, output roles and MPLS gateways of customer source and destination host groups.


26.     (Previously presented) The method of claim 21, wherein

deploying device-specific commands associated with the mapping policy to the network interfaces of the policy targets further comprises issuing new commands to reconfigure a router based on the mapping policy.


27.     (Original) The method of claim 21 wherein

the customer policy includes information about a tunnel group identifier and a tunnel mode.


{S:\28212\1200285-us1\80068894.DOC |▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊| }

BRAZOS-CISCO2-00000133

Application No. 10/719,371                                    8                        Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

## REMARKS

Claims 1-27 are pending in this Application. The Office Action (OA) dated May 30, 2006 has rejected Claims 1-27. Applicants submit that the pending claims are patentable for the reasons discussed in detail below.

<u>The 35 U.S.C. §103 rejection of Claims 1-8, 10-16, 18-23, and 25-27:</u>

Section 4 of the OA rejected Claims 1-27 under 35 U.S.C. §103(a) as being unpatentable over newly cited references Basso et al (U.S. Patent Application Publication No. 2003/0231640, hereinafter referred to as Basso) in view of Shanumgam et al (U.S. Patent No 7,032,022, hereinafter referred to as Shanumgam). Basso is directed to using a per hop behavior (PHB) value in a data packet received by a network edge router to perform a single memory access to determine quality of service (QoS) values for a plurality of protocols where the QoS values correspond to an identified type of QoS. The PHB value may be used to index into a table row of entries with different QoS values to obtain the plurality of protocols in one memory access, rather than accessing each QoS value separately for each protocol. (See, Basso, abstract and pg. 2, para. 12.) Shanumgam is directed to "a unified policy management system where various policies, namely, the set of rules and instructions that determine the network's operation, may be established and enforced from a single site." (Shanumgam, col. 1, line 66 through col. 2, line 3.)

The OA indicates that Basso discloses most limitations of independent claim 21. Applicants respectfully disagree. For instance, the OA indicates that Basso discloses an interface assigned a role name. The OA cites paragraphs 28-32 and 42, but does not identify an element of Basso that corresponds to a role name. Applicants find none. The claim terms are understood in view of the specification, which explains that "network interfaces are arranged to have assigned role names. Interfaces with the same role names will get the same set of rules or policies. Each role name is then associated with a network policy and a customer policy." (Spec., pg. 7, lines 5-8.) Applicants are not importing limitations from specification. It is well established that the claims terms are understood in view of the specification. In contrast, Basso discloses that "egress router 121, e.g., router 121E, may be similarly configured as the ingress router 121, e.g.,

{S:\28212\1200285-us1\80068894.DOC ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ }

BRAZOS-CISCO2-00000134

Application No. 10/719,371                            9                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

router 121A, in storing only a single table on its egress side instead of multiple tables corresponding to multiple protocols." (Basso, pg. 4, para. 30.) However, Basso's table of protocols is not equivalent to policies and Applicants find no indication that a role name is associated with the routers to provide similar configurations. Thus, Basso does not disclose or suggest any role name, especially a role name that is associated with a customer policy.

The OA admits that Basso "fail[s] to explicitly teach a customer policy." (OA, pg. 3, line 17.) Applicants note that the full claim limitations relating to a customer policy are "defining a customer policy that is configured to govern the treatment of individual customer traffic" and "translating the customer policy into device specific commands." (Claim 21.) The OA glosses over the full limitations and asserts that Shanumgam teaches "customer policies defined by the administration policies and translating the mapping policy, network policy and the customer policy into device specific commands." (OA, pg. 3, lines 18-20.) Applicants respectfully disagree that Shanumgam discloses or suggests the missing limitations.

The OA is not entirely clear, based on its citations, however, the OA appears to equate Shanumgam's administration policies with customer policies. Shanumgam explains that "[t]he administration policies decide the users that have access to administrative functions, the type of administrative functions allocated to these users, and the policy enforcers 124, 126 on which these users may exercise such administrative functions." (Shanumgam, col. 4, lines 25-29.) In contrast, the claim limitation specifies that a customer policy is configured to govern the treatment of individual customer traffic. Even if, arguendo, customer traffic is equated to administrator traffic, Shanumgam does not disclose or suggest that administration policies govern the treatment of administration traffic. As recited above, Shanumgam states administration policies decide access and allocation of administrative functions. Shanumgam does not disclose or suggest any way for the administration policies for administration functions to govern individual administration traffic. Basso also does not disclose or suggest any such way.

{S:\28212\1200285-us1\80068894.DOC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ }

Application No. 10/719,371                          10                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

Also, to combine Shanumgam's administration policies with Basso, would require
identifying an administrative function for individual administrator traffic. This would be a
fundamental change to Shanumgam's principle of operation, and there is no motivation to do so.

In addition, customer policies are know to "define the rules applied to forward certain
types of customer traffic," as also explained in Applicants' specification. (Spec., pg. 9, line 1.)
Again, Applicants are not importing limitations from the specification, but the claim terms must be
understood in view of the specification and their plain meaning to those of ordinary skill in the art.
It is also known that "MPLS traffic engineering allows administrators to establish routes for certain
customers based on information other than the shortest path, such as delay and bandwidth available
along the path." (Spec., pg. 3, lines 1-3.) Further, "combining MPLS with Diffserv is desirable, as
it would enable a MPLS functionality that also performs with IP QoS support." (Spec., pg. 3,
lines 6-8.) Thus, the term "customer policy" is known, and understood through the specification, to
comprise rules, such as QoS rules, for network traffic of individual customers. As discussed above,
Shanumgam discloses administrative *functions* for administrative *users*; not rules regarding network
*traffic*. Thus, Shanumgam does not disclose or suggest the limitation of defining a customer policy
that is configured to govern the treatment of individual customer traffic.

Shanumgam also does not disclose or suggest the limitation of "translating the customer
policy into device specific commands." Shanumgam discloses that a "central database and policy
enforcer databases storing policy settings are configured as [lightweight directory access protocol]
LDAP databases adhering to a hierarchical object oriented structure. . . Changes in the policy
settings made at the central policy server are automatically transferred to the policy enforcers for
updating their respective databases." (Shanumgam, abstract.) Since the same type of databases are
used, Shanumgam does not disclose or suggest any translation, let alone translating a customer
policy into device specific commands.

Accordingly, Applicants respectfully request that the rejection of independent
claim 21 under 35 U.S.C. §103(a) be withdrawn. The OA indicates that "[c]laims 1, 5, 11, and 14
contain limitations that are substantially similar to claim 21 and are therefore rejected under the

{S:\28212\1200285-us1\80068894.DOC |███████████████████| }

BRAZOS-CISCO2-00000136

Application No. 10/719,371                     11                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

same basis." (OA, pg. 4, lines 7-8.) Thus, Applicants respectfully request that the rejection of

independent claims 1, 5, 11, and 14 under 35 U.S.C. §103(a) also be withdrawn.

     Applicants further note that independent claim 5 includes a limitation specifying "the

customer policy being arranged to have customer traffic mapped into MPLS tunnels." The OA does

not address this limitation directly, but refers to portions of Basso and Shanumgam as disclosing

related limitations of claim 8. The cited portions of Shanumgam refer to a virtual private network

(VPN) policy and a security policy, but do not indicate that such policies are equivalent to a

customer policy or to the administration policy. Moreover, Shanumgam does not disclose or

suggest that the VPN policy or administration policy are arranged to have customer traffic mapped

into MPLS tunnels. In fact, Shanumgam does not disclose or suggest any reference to MPLS.

Similarly, Basso does not disclose or suggest any reference to a tunnel or VPN. Thus, the

references do not disclose or suggest the limitation of independent claim 5.

     Accordingly, Applicants respectfully request that the rejection of independent

claim 5 under 35 U.S.C. §103(a) be withdrawn. In addition, it is well established that dependent

claims are considered to include all of the elements of the independent claims from which the

dependent claims depend. Thus, dependent claims are patentable for at least the same reasons as

their corresponding independent claims. Accordingly, for all of the reasons above, Applicants

respectfully request that the rejection of dependent claim 2-4, 6-10, 12, 13, 15-20, and 22-27 under

35 U.S.C. §103(a) also be withdrawn.

BRAZOS-CISCO2-00000137

Application No. 10/719,371                    12                    Docket No.: 28212/1200285-US1/NC34963US
Response dated September 5, 2006
Reply to Office Action of May 30, 2006

      In view of the above, Applicants believe the pending application is in condition for

allowance.

Dated: September 5, 2006                         Respectfully submitted,

                                   By _____
                                   Thomas R. Marquis
                                     Registration No.: 46,900
                                 DARBY & DARBY P.C.
                                 P.O. Box 5257
                                 New York, New York  10150-5257
                                 (206) 262-8900
                                 (212) 527-7701 (Fax)
                                 Attorneys/Agents For Applicant

{S:\28212\1200285-us1\80068894.DOC | | || ||| | || | | ||| | | || | || ||||| | }

BRAZOS-CISCO2-00000138