# EXHIBIT 2

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of | Pradeep Jain, et al. |
| For | SYSTEM AND METHOD PROVIDING STANDBY BYPASS FOR DOUBLE FAILURE PROTECTION IN MPLS NETWORK |
| Serial Number | 13/630,908 |
| Filed | September 28, 2012 |
| Art Unit | 2414 |
| Examiner | Curtis A. Alia |
| Attorney Docket Number | ALC 3844 |
| Confirmation Number | 1162 |

A̲m̲e̲n̲d̲m̲e̲n̲t̲ ̲u̲n̲d̲e̲r̲ ̲3̲7̲ ̲C̲.̲F̲.̲R̲ ̲§̲ ̲1̲.̲1̲1̲6̲

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the office action dated August 28, 2014, please amend the above-identified application as set forth below:

**Claim Amendments** begin on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

- 1 -

BRAZOS-CISCO2-00000560

Application No: 13/630,908
Attorney Docket No: ALC 3844

## CLAIM AMENDMENTS

This listing of the claims will replace all prior versions and listings of claims in this application.

1. (Proposed Amended) A method performed by a network processor for providing a Backup Label Switched Path (LSP) to ~~an already established~~ a Bypass LSP <u>already established for a Protected LSP</u>, the method comprising the steps of:

   establishing a Bypass LSP having a Point of Local Repair node and a Merge Point node;

   obtaining the nodes traversed by an end-to-end path of said Bypass LSP from said Point of Local Repair Node to said Merge Point node;

   generating a request to a path calculator using the nodes traversed by said end-to-end path of said Bypass LSP for a disjoint path connecting said Point of Local Repair Node to said Merge Point node;

   receiving a response from said path calculator and

   in the event that a fully disjoint path connecting said Point of Local Repair Node to said Merge Point node is available,

   then signaling said disjoint path as a Backup LSP to said Bypass LSP.


2. (Original) A method as claimed in claim 1 wherein

   said path calculator is a constraint based shortest path first calculator.

- 2 -

Application No: 13/630,908
Attorney Docket No: ALC 3844

3. (Previously Presented) A method as claimed in claim 1 further comprising a step after said receiving step, wherein in the event that the fully disjoint path connecting said Point of Local Repair Node to said Merge Point node is not available, then

    in the event that a partially disjoint path connecting said Point of Local Repair Node to said Merge Point node is available, then signaling said disjoint path as the Backup LSP to said Bypass LSP.

4. (Original) A method as claimed in claim 3 further comprising a step after said receiving step, wherein in the event that a partially disjoint path connecting said Point of Local Repair Node to said Merge Point node is not available, then

    signaling an error on the attempt to provide a Backup LSP.

5. (Previously Presented) A method as claimed in claim 1 after said obtaining step, comprising the further steps of:

    procuring a Shared Risk Link Groups (SRLG) associated with the nodes traversed by the end-to-end path of said Bypass LSP from said Point of Local Repair Node to said Merge Point node; and

    providing said Shared Risk Link Groups as part of said generating a request step to said calculator for use in calculating said disjoint path.

- 3 -

Application No: 13/630,908
Attorney Docket No: ALC 3844

6. (Proposed Amended) A non-transitory machine readable storage medium encoded with instructions for execution by a network processor providing a Backup Label Switched Path (LSP) to ~~an already established~~ a Bypass LSP <u>already established for a Protected LSP</u>, the medium comprising:

    instructions for establishing a Bypass LSP having a Point of Local Repair node and a Merge Point node;

    instructions for obtaining the nodes traversed by the end-to-end path of said Bypass LSP from said Point of Local Repair Node to said Merge Point node;

    instructions for generating a request to a path calculator using the nodes traversed by said end-to-end path of said Bypass LSP for a disjoint path connecting said Point of Local Repair Node to said Merge Point node;

    instructions for receiving a response from said path calculator and

    in the event that a fully disjoint path connecting said Point of Local Repair Node to said Merge Point node is available,

    then signaling said disjoint path as a Backup LSP to said Bypass LSP.


7. (Original) A non-transitory machine readable storage medium as claimed in claim 6 wherein the instructions specify that path calculator is a constraint based shortest path first calculator.


8. (Previously Presented) A non-transitory machine readable storage medium as claimed in claim 6 wherein the instructions specify a step after said receiving step, wherein in the event that the fully

BRAZOS-CISCO2-00000563

Application No: 13/630,908
Attorney Docket No: ALC 3844

disjoint path connecting said Point of Local Repair Node to said Merge Point node is not available, then in the event that a partially disjoint path connecting said Point of Local Repair Node to said Merge Point node is available, then signaling said disjoint path as the Backup LSP to said Bypass LSP.

9. (Original) A non-transitory machine readable storage medium as claimed in claim 6 wherein the instructions a step after said receiving step, wherein in the event that a partially disjoint path connecting said Point of Local Repair Node to said Merge Point node is not available, then signaling an error on the attempt to provide a Backup LSP.

10. (Previously Presented) A non-transitory machine readable storage medium as claimed in claim 6 wherein the instructions specify after said obtaining step the further steps of:
    procuring a Shared Risk Link Groups (SRLG) associated with the nodes traversed by the end-to-end path of said Bypass LSP from said Point of Local Repair Node to said Merge Point node; and
    providing said Shared Risk Link Groups as part of said generating a request step to said calculator for use in calculating said disjoint path.

- 5 -

BRAZOS-CISCO2-00000564

Application No: 13/630,908<br>
Attorney Docket No: ALC 3844

## REMARKS

Claims 1-10 are pending in this application, of which claims 1 and 6 are independent. By this amendment, claims 1 and 6 are amended. No new matter is added.

### AFCP 2.0 CONSIDERATION

Applicant respectfully requests consideration of the accompanying amendment under the After Final Consideration (AFCP) 2.0 program. The requisite paperwork is attached to this filing.

### REJECTIONS UNDER 35 U.S.C. § 103

On pages 4-9, the office action rejects claims 1, 2, 5, 6, 7 and 10 under 35 U.S.C. § 103(a) as being unpatentable over U.S. Patent Application Publication Number 2006/0159009 (hereinafter, "Kim") in view of U.S. Patent Application Publication Number 2006/0114818 (hereinafter, "Canali").

On pages 9-11, the office action rejects claims 3, 4, 8 and 9 under 35 U.S.C. § 103(a) as being unpatentable over Kim and Canali, and further in view of U.S. Patent Number 8,296,407 (hereinafter, "Doshi"). (Note that, as in the non-final office action, claims 4 and 9 are identified in the listing on page 9, but are not included in the arguments immediately following).

On pages 11-12, the office action rejects claim 4 under 35 U.S.C. § 103(a) as being unpatentable over Kim, Canali, and Doshi, and further in view of U.S. Patent Number 6,778,492 (hereinafter, "Charny").

- 6 -

Application No: 13/630,908
Attorney Docket No: ALC 3844

On pages 12-13, the office action rejects claim 9 under 35 U.S.C. § 103(a) as being unpatentable over Kim and Canali, and further in view of Charny.

The claim rejections on pages 3-13 are substantially similar to those in the non-final office action dated June 18, 2014. On pages 2-3, the examiner purports to respond to the remarks submitted with the response filed July 11, 2014. Applicant respectfully traverses the rejections for the same reasons stated in the response of July 11, 2014 – in short, the independent claims of the current invention require both a Backup LSP and a Bypass LSP, but Canali makes it clear at paragraph [0065] that only one backup path is retained at any one time, to be replaced when network conditions change or a better option is found.

The office action identifies Kim, paragraph [0051], as disclosing "establishing a Bypass LSP having a Point of Local Repair node and a Merge Point node: and Canali paragraphs [0032]-[0038] and [0065] as disclosing "generating a request to a path calculator using the nodes traversed by said end-to-end path of said Bypass LSP for a disjoint path connecting said Point of Local Repair Node to said Merge Point node." Although the claims require both a Backup LSP and a Bypass LSP, and Canali makes it clear at paragraph [0065] that only one backup path is retained at any one time, in the response at page 3 of the final office action, "the examiner [] disagrees," that there is a difference between Canali and the claims because "the claims merely recite providing a Backup LSP to an already established Bypass LSP, which does not require that they both be maintained," and:

> Canali states in paragraph 65 that a first backup connection (equivalent to the claimed Bypass LSP) replaces a *nominal connection*, and then a second backup connection (equivalent to the claimed Backup LSP) is calculated for that route for possible rerouting around the first backup connection in case the first backup connection's performance degrades. This feature results in two backup connections

- 7 -

Application No: 13/630,908
Attorney Docket No: ALC 3844

being available at a time, which is functionally equivalent to "maintaining" both LSPs.

(emphasis added).

Applicant respectfully disagrees with the Examiner's analysis of the claims and the cited art. The specification clearly explains that a Bypass LSP protects an LSP in the event of an un-expected failure, and that a Backup LSP provides a disjoint path to the Bypath LSP, or as described in paragraph [0011], "a Backup LSP to the Bypass LSP." In other words, the three LSPs are maintained at the same time, one actively, and the other two as backups.

Although the Examiner identifies the "nominal connection" discussed throughout Canali, as another connection in addition to the backup connection, paragraph [0065] of Canali makes it clear that a second backup connection is only calculated upon failure of the first, "nominal," connection.

However, in the interests of furthering prosecutions claims 1 and 6 have been amended to amplify these differences between the claims and the cited references. Claim 1, as amended, recites,

> A method performed by a network processor for providing *a Backup Label Switched Path (LSP) to a Bypass LSP already established for a Protected LSP*, the method comprising the steps of:
> *establishing a Bypass LSP having a Point of Local Repair node and a Merge Point node*;
> obtaining the nodes traversed by an end-to-end path of said Bypass LSP from said Point of Local Repair Node to said Merge Point node;
> *generating a request to a path calculator using the nodes traversed by said end-to-end path of said Bypass LSP for a disjoint path connecting said Point of Local Repair Node to said Merge Point node*;
> receiving a response from said path calculator and
> in the event that a fully disjoint path connecting said Point of Local Repair Node to said Merge Point node is available,
> then signaling said disjoint path as a Backup LSP to said Bypass LSP.

- 8 -

BRAZOS-CISCO2-00000567

Application No: 13/630,908<br>Attorney Docket No: ALC 3844

(emphasis added). Claim 6, as amended, includes similar subject matter.

The claims have been amended to clarify that the Bypass LSP is "already established for a Protected LSP," as described in the Specification at, for example, paragraphs [0001]-[0002], [0004]-[0005], [0034], and [0042], to further describe the subject matter of the invention, and emphasize that the Protected LSP and Bypass LSP are "established" at the same time as the Backup LSP. Thus it may be understood that the Bypass LSP is already established for a Protected LSP, and not calculated only upon failure of a first connection as in Canali.

For the foregoing reasons, the independent claims are allowable over the references of record. The corresponding dependent claims further limit the independent claims. Thus, they are also allowable at least by virtue of their dependency. As such, the rejection should be withdrawn.

BRAZOS-CISCO2-00000568

Application No: 13/630,908
Attorney Docket No: ALC 3844

## CONCLUSION

While the Applicant believes that the application is currently in condition for allowance, as demonstrated by the above remarks, should the Examiner have any further comments or suggestions, it is respectfully requested that the Examiner telephone the undersigned attorney in order to expeditiously resolve any outstanding issues. As noted above, Applicant respectful requests consideration of the accompanying amendment under the After Final Consideration (AFCP) 2.0 program. The requisite paperwork is attached to this filing.

In the event that the fees submitted prove to be insufficient in connection with the filing of this paper, please charge our Deposit Account Number 50-0578 and please credit any excess fees to such Deposit Account.

Respectfully submitted,
**KRAMER & AMADO, P.C.**

Date: ___October 7, 2014_____    / Terry W. Kramer/_____
 Terry W. Kramer
 Registration No.: 41,541

KRAMER & AMADO, P.C.
330 John Carlyle Street, 3rd Floor
Alexandria, VA 22314
Phone: 703-519-9801
Fax: 703-519-9802

- 10 -

BRAZOS-CISCO2-00000569

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Pilot Program Request

PTO/SB/434 (05-13)

| CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 |||
|---|---|---|
| Practitioner Docket No.: ALC 3844 | Application No.: 13/630,908 | Filing Date: September 28, 2012 |
| First Named Inventor: Pradeep Jain, et al. | Title: SYSTEM AND METHOD PROVIDING STANDBY BYPASS FOR DOUBLE FAILURE PROTECTION IN MPLS NETWORK ||

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).
2. The above-identified application contains an outstanding final rejection.
3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.
4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.
5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.
6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).
7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]
8. By filing this certification and request, applicant acknowledges the following:

- Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
- The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
    o The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
    o If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
        ▪ The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
        ▪ If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature /Terry W. Kramer/ | Date 2014-10-07 |
|---|---|
| Name (Print/Typed) Terry W. Kramer | Practitioner Registration No. 41541 |

**Note:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of _____ forms are submitted.

BRAZOS-CISCO2-00000570