# EXHIBIT 4



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/302,052 | 06/11/2014 | Jae Hyun HWANG | 29250-002735-US | 9013 |

30594     7590     01/12/2016
HARNESS, DICKEY & PIERCE, P.L.C.
P.O. BOX 8910
RESTON, VA 20195

| EXAMINER |
|---|
| CHAN, SAI MING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2462 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/12/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

dcmailroom@hdp.com
gyacura@hdp.com
pshaddin@hdp.com

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/302,052 | HWANG ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | SAI-MING CHAN | 2462 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>6/11/2014</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-20</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☒ Claim(s) <u>11-16 and 20</u> is/are allowed.
7) ☒ Claim(s) <u>1,2,6,17 and 18</u> is/are rejected.
8) ☒ Claim(s) <u>3-5, 7-10 and 19</u> is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>6/11/2014</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
      a) ☐ All   b) ☐ Some**   c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/302,052 Page 2
Art Unit: 2462

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

## DETAILED ACTION

### Information Disclosure Statement

The information disclosure statements (IDS) submitted on 6/11/2014 has been considered by the Examiner and made of record in the application file.

### Claim Rejections - 35 USC § 102

Claims 1 and 17 are rejected under 35 U.S.C. 102 (a) 2 as being anticipated by **Ma et al. (U.S. Patent # 8949444)**.

Consider **claims 1 and 17**, Ma et al. clearly disclose a method of adjusting bandwidth allocation by a network element in a communications network, the network element including a target port (col. 1, lines 29-31 (destination device)), the method comprising:

monitoring, by the network element, a data flow traversing the target port (fig. 5 (505), col. 12, lines 43-58 (RTTs associated with ACKs may be monitored));

Application/Control Number: 14/302,052                                                                 Page 3
Art Unit: 2462

   determining, by the network element, a bandwidth allocation for the target port (col. 3, lines 36-40 (measure the available bandwidth associated with established flows)), the bandwidth allocation for the target port being a bandwidth that is currently allocated for the data flow (col. 3, lines 36-40 (measure the available bandwidth associated with established flows based on, for example, a monitoring of round trip times (RTTs) associated with acknowledgements (ACKs));

   determining, by the network element, a fair-share bandwidth allocation for the target port (col. 9, lines 3-24 (implement fair-sharing algorithm)), the fair-share bandwidth allocation being a proportional allocation of a total bandwidth of the network element (col. 9, lines 3-24 (implement fair-sharing algorithm)); and

   adjusting, by the network element, the bandwidth allocation for the target port based on the fair-share bandwidth allocation (col. 9, lines 3-24 (may allocate more or less bandwidth/implement fair-sharing algorithm)).

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102 of this title, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole

Application/Control Number: 14/302,052 Page 4
Art Unit: 2462

> would have been obvious before the effective filing date of the claimed invention to a person
> having ordinary skill in the art to which the claimed invention pertains.  Patentability shall not
> be negated by the manner in which the invention was made.

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103 are summarized as follows:
1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

**Claims 2 and 18** are rejected under 35 U.S.C. 103 as being unpatentable over **Ma et al. (U.S. Patent # 8949444), in view of Excell et al. (U.S. Patent # 6714555)**.

Consider **claim 2**, and **as applied to claim 1 above**,

**claim 18**, and **as applied to claim 17 above**,

Ma et al. clearly disclose the fair sharing and target port.

However, Ma et al. do not specifically disclose a weight value for each of the plurality of ports.

In the same field of endeavor, Excell et al. clearly show:

wherein the network element includes a plurality of ports (col. 3, lines 66- col. 4. line 3 (weight output ports)), and each of the plurality of ports is assigned a

Application/Control Number: 14/302,052 Page 5
Art Unit: 2462

corresponding bandwidth allocation (col. 3, lines 66- col. 4. line 3 (allocate bandwidth)), and the determining the fair-share bandwidth allocation comprise:

determining a weight value for each of the plurality of ports (col. 3, lines 66- col. 4. line 3 (weight output ports));

determining a total weight value based on the weight value of each of the plurality of ports (col. 3, lines 66- col. 4. line 3 (total of each share of the output ports)); and

determining the fair-share bandwidth allocation based on the weight value of the target port and the total weight value (col. 3, lines 66- col. 4. line 3 (total of output ports does not exceed total link bandwidth)).

Therefore, it would have been obvious to a person of ordinary skill in the art before the time of invention to demonstrate a method of adjusting bandwidth allocation, as taught by Ma, and show a weight value for each of the plurality of ports, as taught by Excell, so that network congestion can be minimized.

Claim 6 is rejected under 35 U.S.C. 103 as being unpatentable over **Ma et al. (U.S. Patent # 8949444), and Excell et al. (U.S. Patent # 6714555), in view of Matthews et al. (U.S. PG-Pub. # 2012/0195192)**.

Consider **claim 6**, and **as applied to claim 2 above**, Ma et al. clearly disclose the method as described.

Application/Control Number: 14/302,052 Page 6
Art Unit: 2462

However, Ma et al. do not specifically disclose a time out value for a timer.

In the same field of endeavor, Excell et al. clearly show:

wherein the monitoring comprises:

defining a time out value for a timer, the timer being associated with the bandwidth allocation for the target port (par. 22 (bandwidth preference timer/configured to limit the time it can dynamically allocate bandwidth)); and

determining that a timeout event has occurred with respect to the data flow based on expiration of the timer (par. 22 (specific level of congestion is detected)).

Therefore, it would have been obvious to a person of ordinary skill in the art before the time of invention to demonstrate a method of adjusting bandwidth allocation, as taught by Ma, and show a time out value for a timer, as taught by Matthews, so that network congestion can be minimized.

### Allowable Subject Matter

Claims 11-16 and 20 are allowed.

Claims 3-5, 7-10 and 19 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Application/Control Number: 14/302,052 Page 7
Art Unit: 2462

*Conclusion*

Any response to this Office Action should be **faxed to** (571) 273-8300 **or mailed to**:

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**Hand-delivered responses** should be brought to

Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to Sai-Ming Chan whose telephone number is (571) 270-1769. The Examiner can normally be reached on Monday-Thursday from 8:00 am to 5:00 pm.

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, Yemane Mesfin can be reached on (571) 272-3927. The fax phone number for the organization where this application or proceeding is assigned is (571) 273-8300.

BRAZOS-CISCO2-00000749

Application/Control Number: 14/302,052 Page 8
Art Unit: 2462

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free) or 571-272-4100.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist/customer service whose telephone number is (571) 272-2600.

/Sai-Ming Chan/
Primary Examiner, Art Unit 2462
January 4, 2016