IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant, | Case No. 2:24-cv-00332-RWS-RSP |

**JOINT MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development ("Brazos") and Defendant Cisco Systems, Inc. ("Cisco") (collectively the "Parties") hereby jointly move to stay this litigation and all remaining deadlines pending resolution of the Petition for *Ex Parte* Reexamination filed for U.S. Patent No. 9,450,884 (the "'884 Patent").

On May 6, 2024, Plaintiff Brazos filed its Complaint in this action, asserting *inter alia* the '884 Patent.[1] *See* Dkt. 1. On July 10, 2025, Defendant Cisco filed Petition No. 90/015,374 for *Ex Parte* Reexamination, with respect to the '884 Patent ("'884 EPR"). Currently available statistics for Q1-Q3 2025 indicate that the USPTO can be expected to complete the '884 EPR within approximately 15-18 months of Cisco's July 25 petition (and thus within approximately 10-13

---

[1] Brazos previously stipulated to dismiss two additional patents-in-suit, U.S. Patents Nos. 8,441,721 and 8,498,286. *See* Dkt. 32. Concurrent with this motion to stay, Brazos will also stipulate to dismiss U.S. Patent No. 8,982,691. A fifth patent-in-suit, U.S. Patent No. 7,386,630, remains co-pending.

1

months of this filing). *See, e.g.*, https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats.pdf (last visited Dec. 4, 2025) at 2.

The Parties have agreed that it will be mutually advantageous to the Parties and the Court in the interest of judicial economy and efficiency to stay this case until the completion of the '884 EPR. The Parties further have agreed to use the stay period to engage in mediation.

When deciding whether to stay a case pending patent office proceedings, district courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*. The Parties agree that all three of these factors weigh in favor of granting a stay.

**Factor 1 – A Stay Will Simplify or Eliminate Issues in This Matter**

Granting a stay will lead to the simplification or elimination of the issues in this matter. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the [Patent Office] proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. Here, the '884 EPR involves all asserted claims of the '884 Patent—one of two remaining patents asserted in this case—and thus the outcome of the '884 EPR proceeding is expected to substantially simplify the issues in this matter, and could potentially fully resolve all issues relating to the '884 Patent. Judicial economy is best served by a stay as the Court and the Parties could potentially save significant costs, time, and resources if

the asserted claims are found invalid. Conversely, a finding of validity in the '884 EPR would concomitantly streamline any validity issues that may remain for trial.

In addition, the Parties' anticipated mediation will have the potential to resolve this case in its entirety.

**Factor 2 – This Case is Not at an Advanced Stage**

"[A] significant amount of work remains ahead for the parties and the court" in this matter, which favors a stay. *See, e.g.*, *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, Case No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation."). The Court has not yet issued its claim construction order. Fact discovery is nearly complete, but no expert reports have yet been tendered. And summary judgment motions and trial preparation are still months away. With a significant portion of the case yet to occur, a stay would save judicial and party resources.

**Factor 3 – No Party Will Suffer Undue Prejudice from a Stay**

The Parties will not suffer undue prejudice if the Court stays the case. Here, the Parties have agreed that a stay will be mutually advantageous and are jointly requesting the Court to stay the matter.

Thus, the Parties submit this Joint Motion to Stay Pending *Ex Parte* Reexamination and a Proposed Order granting the Motion. The Parties jointly request that the Court stay further District Court proceedings until completion of the '884 EPR.

Date: December 4, 2025

/s/ Joseph M. Abraham
Joseph M. Abraham TX Bar No. 24088879
-LEAD ATTORNEY
Timothy Dewberry TX Bar. No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Ste. 120, No. 177
Austin, TX 78750
Tel: (737) 234-02-01
Email: joseph.abraham@foliolaw.com
         timothy.dewberry@foliolaw.com

Alden Lee, CA Bar No. 257973
Alexandra Fellowes, CA Bar No. 261929
Moses Xie, CA Bar No. 343007
Katherine Bentfield, WA Bar No. 61548
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N. Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: alden.lee@foliolaw.com
         alexandra.fellowes@foliolaw.com
         moses.xie@foliolaw.com
         katherine.bentfield@foliolaw.com

Gregory P. Love TX Bar No. 24013060
**Cherry Johnson Siegmund James**
7901 Fish Pond Road, Suite 200
Waco, TX 76710
Tel: (254) 732-2242
Email: glove@cjsjlaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

Respectfully submitted,

/s/ Brian A. Rosenthal
Brian A. Rosenthal (lead attorney)
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Allyson Parks
aparks@gibsondunn.com
Hyunjong Ryan Jin
rjin@gibsondunn.com
Vivian Lu
vlu@gibsondunn.com
Monica Grover
mgrover@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

*Counsel for Defendant Cisco Systems Inc.*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on December 4, 2025.

*/s/ Joseph M. Abraham*
Joseph M. Abraham

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h)-(i), counsel for each of the parties conferred and jointly agree to the relief requested in this motion.

*/s/ Joseph M. Abraham*
Joseph M. Abraham
